UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TYLER JAMISON,<br><br>                Petitioner,<br>vs.<br><br>MARGARET GILBERT,<br><br>                Respondent. | No. 2:16-CV-00079-JLQ<br><br>MEMORANDUM OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS |

BEFORE THE COURT is Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (ECF No. 11), Respondent's Answer (ECF No. 17), and Petitioner's Reply (ECF No. 20). Pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases, this court has reviewed the record and determined no evidentiary hearing is warranted.

**I. Introduction and Factual Background**

Petitioner was convicted, after a jury trial, of two counts of Assault of a Child in the First Degree on July 20, 2012. On October 1, 2012, Petitioner was sentenced to a total term of 360 months, composed of 180 months on each count to be served consecutively. (ECF No. 19[1], Ex. 1). The abuse inflicted on Petitioner's infant daughter is set forth in great detail in the May 20, 2014 unpublished opinion of the Washington Court of Appeals. (*Id*. at Ex. 2). A detailed factual recitation will not be repeated here, but the introductory paragraph of the Washington Court of Appeals' Opinion gives a brief summary of the nature of the offense:

> Tyler Jamison choked, smothered, squeezed, and bounced his infant daughter, S.J., on multiple occasions, in an attempt to stop the baby's crying. Jamison fractured his daughter's ribs, bruised much of her body, and caused her severe brain damage. As a result of the horrific acts, S.J. is now blind. A feeding tube sustains her. She is nonresponsive. (*Id*. at Ex. 2 p. 1).

---

[1]Portions of the State Court record are referenced on the docket at ECF No. 19 and available in paper format in Clerk's Office.

ORDER 1

The instant Petition argues his two convictions were for the same criminal conduct and that such is a violation of the Double Jeopardy provision of the Constitution. He argues his two 180-month sentences were required to be run concurrently, and it was error to run them consecutively. Respondent contends Petitioner's claim is barred by the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Respondent further argues that if this court does reach the merits, Petitioner is not entitled to relief as the state court adjudication was not an unreasonable application of clearly established federal law.

## II. Discussion

### A. Statute of Limitations

Respondent, Margaret Gilbert, Superintendent of Stafford Creek Corrections Center, filed her Answer on July 18, 2016 in which she claims the Petition for Writ of Habeas Corpus is untimely under the so called Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, *et. seq.* Respondent seeks denial of the Petition with prejudice on the basis that it is time-barred.

**1. Timeline of Events Relevant to Statute of Limitations**

1. **July 20, 2012 -** Petitioner is convicted by the jury of two counts of First Degree Assault of a Child.

2. **October 1, 2012** - Judgment and Sentence is entered in Washington Superior Court of Spokane County.

3. Petitioner timely appealed to the Washington Court of Appeals. Petitioner was represented by counsel on appeal.

4. **May 20, 2014 -** the Washington Court of Appeals affirmed in an unpublished opinion.

5. **July 16, 2014 -** Petitioner filed a pro se Petition for Review with the Washington Supreme Court.

6. **November 5, 2014** - Washington Supreme Court issued an Order denying the Petition for Review.

ORDER 2

7. **November 18, 2014** - Washington Court of Appeals issued its mandate stating that as of November 5, 2014, its Opinion of May 20, 2014, became the decision terminating review.

8. **March 22, 2016** - Petition for Writ of Habeas Corpus filed in this court.

The AEDPA imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court. Specifically, 28 U.S.C. § 2244 provides in relevant part:

(d)(1) A 1-year period of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
\*   \*   \*   \*   \*

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 18 U.S.C. § 2244(d)(1) - (2).

Respondent argues after the Washington Supreme Court denied the Petition for Direct Review, Petitioner had 90-days to file a petition for writ of certiorari with the United States Supreme Court. (U.S. Supreme Court Rule 13.1) Respondent argues the judgment became final on February 3, 2015, 90 days after the denial of direct review because Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. If Respondent's position is correct, under AEDPA, the one-year statute of limitations began to run on February 3, 2015 and expired on February 3, 2016, unless the statute was tolled. Under § 2244(d)(2), the statue of limitations is tolled when a state application for post-conviction relief is pending. The Record submitted by Respondent does not reflect any post-conviction relief proceedings in state court. Respondent states, "Jamison did not file a post-conviction collateral challenge in state court." (ECF No. 17, p. 10). Petitioner does not refute this assertion.

The one-year AEDPA statute of limitations has been upheld as constitutional. See *Green v. White*, 223 F.3d 1001 (9th Cir. 2000)("We join the other circuits that have considered the issue and hold that AEDPA's one-year limitation does not constitute a per

ORDER 3

se violation of the Suspension Clause."). The one-year limitation does not render the writ of habeas corpus inadequate or ineffective as it allows a petitioner a reasonable opportunity to have his claims heard on the merits. *Id.* at 1004. Further, the limitations period is not jurisdictional and is subject to equitable tolling. *Id.* at 1003-1004. Petitioner has advanced no argument for equitable tolling.

In his Reply brief (ECF No. 20), Petitioner cites to RCW 10.73.100 and argues the 1-year statute of limitations does not apply because he is asserting a Double Jeopardy claim. The statute he cites in support of his argument is a Washington state statute, which reads in part: "The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds ... (3) The conviction was barred by double jeopardy under Amendment V of the United States Constitution...". RCW § 10.73.100. This statute, by its plain terms, applies to RCW 10.73.090, which sets a one-year time limit for petitions or motions for collateral attack which are filed <u>in state court</u>. The state statute does not extend the federal one-year statute of limitations contained in the AEDPA. See *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)("It is unreasonable for a federal habeas petitioner to rely on a state statute of limitations rather than the AEDPA's statute of limitations.").

On the record before the court, Respondent's argument is well taken. Petitioner did not file a petition for writ of certiorari to the United States Supreme Court, nor did he file a petition for post-conviction relief in state court. Accordingly, the AEDPA one-year period of limitation began to run on February 3, 2015. The filing of his Petition in this court, on March 22, 2016, was untimely.

**B. The Merits**

As Petitioner's filing was untimely, this court need not address the merits. However, Respondent has presented argument on the merits, and the court will briefly address the claims. Petitioner raises two arguments: 1) Double Jeopardy - - Petitioner contends he was charged and convicted of two counts of Assault of a Child in the First Degree; and 2) Same Criminal Conduct - Petitioner claims he can show the two

ORDER 4

convictions were for the same criminal conduct which requires concurrent sentences. (ECF No. 11, p. 5-7). Both of these issues were raised on direct appeal and addressed by the Washington Court of Appeals. The Court of Appeals stated: "Jamison's two convictions do not offend the double jeopardy prohibition because he committed more than one offense, act, or transaction." (ECF No. 19, Ex. 2 at p. 13). The Court of Appeals additionally found "each count required proof of a legal element, which the other does not." (*Id*.). Specifically, the court stated: "Count two uniquely required the jury find that the defendant had previously engaged in a pattern or practice of assaulting S.J., which resulted in bodily harm that was greater than transient physical pain or minor temporary marks." (*Id*.).

Petitioner has not established the Washington Court of Appeals decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); *Visciotti v. Martel*, 839 F.3d 845 (9th Cir. 2016). The Washington Court of Appeals found the counts required different legal elements, and found the facts supported a finding he had committed more than one offense. The court stated: "He committed multiple attacks or intrusions on the safety of his daughter." (ECF No. 19, Ex. 2 at p. 13). Petitioner has not established this is an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d).

Concerning the same criminal conduct argument, Jamison states: "I can meet the requirements to show same criminal conduct which would require concurrent sentences." (ECF No. 11, p. 7). However, even if Jamison could now, on federal habeas review, "meet the requirements to show same criminal conduct," that was his burden before the trial court. The Washington Supreme Court in *State v. Graciano*, 176 Wash.2d 531 (2013), held a defendant bears the burden of production and persuasion on same criminal conduct claims. The Washington Supreme Court stated a same criminal conduct finding favors the defendant by lowering his offender score, and "because this finding favors the defendant, it is the defendant who must establish the crimes constitute the same criminal

ORDER 5

conduct." *Id*. at 539. The Washington Supreme Court further stated "same criminal conduct does not have a constitutional dimension" and the legislature could allocate the burden of proof. *Id*. at 539-540. "Two crimes manifest the same criminal conduct only if they require the same criminal intent, are committed at the same time and place, and involve the same victim." *Id*. at 540. In evaluating whether Jamison's convictions constituted "same criminal conduct," the Washington Court of Appeals stated: "Tyler Jamison intentionally assaulted S.J. repeatedly over the course of several weeks." (ECF No. 19, Ex. 2 at p. 18). The Washington Court of Appeals observed that although both counts of conviction encompassed Jamison's conduct on April 5th, "count two encompasses more than just the morning of the 5th. Count two includes when Jamison bounced S.J. on the couch previously, when Jamison fractured S.J.'s ribs about two weeks prior, and when Jamison first choked S.J. prior to her March 17 emergency room visit." (*Id.* at 19). Petitioner has not established this is an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d).

### III. Conclusion

Defendant's Petition was not filed within one-year of the date on which his judgment became final and is time-barred. 28 U.S.C. § 2244(d)(1). In reviewing the merits, *ex gratia*, the court finds Petitioner has not made a showing his sentence was the result of unreasonable application of clearly established federal law, or involved an unreasonable determination of facts. 28 U.S.C. § 2254(d)(1)&(2).

**IT IS HEREBY ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 11) is untimely under the one-year AEDPA statute of limitations and Petitioner has presented no valid reason for the tolling of the statute.

2. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 11) is **DENIED**. The Petition and the claims therein are **dismissed with prejudice**.

3. Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings, this court "must issue or deny a certificate of appealability when it enters a final order adverse

to the applicant."  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right, and the certificate must indicate which specific issue or issues satisfy the showing. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  A "substantial showing" includes demonstrating reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented were adequate to deserve encouragement to proceed further. *Id.* at 483-84.  Petitioner has not made such showing and the court **DENIES** a certificate of appealability.

   **IT IS SO ORDERED**.  The Clerk is hereby directed to file this Order, **enter Judgment in favor of Respondent**, furnish copies to counsel and Mr. Jamison, and close the file.

   DATED this 2nd day of December, 2016.

                         s/ Justin L. Quackenbush
                         JUSTIN L. QUACKENBUSH
                    SENIOR UNITED STATES DISTRICT JUDGE